
**FILED**
**MARCH 23, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| BRANDON K. THRASHER, PRO SE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0106 |
| | § | |
| AMARILLO POLICE DEPARTMENT, | § | |
| CITY OF AMARILLO, | § | |
| NFN CASTILLIO, Officer, and | § | |
| POTTER COUNTY DETENTION CENTER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BRANDON K. THRASHER, proceeding *pro se* and *in forma pauperis*, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants.

Upon review of plaintiff's complaint, the Magistrate Judge issued a Report and Recommendation pointing out plaintiff had failed to provide a statement of claim[1] which complied with the requirements of Rule 8, Federal Rules of Civil Procedure and recommending dismissal. Plaintiff was instructed he could file objections or he could chose to file a motion for leave to file an amended complaint with a proposed amended complaint attached by which he cured the defect. Plaintiff chose not to amend his complaint and filed his objections to the Report and Recommendation on July 10, 2008, which contained an additional statement of facts but which did not purport to be an amended complaint and which was not accompanied by a motion for leave to amend.

---

[1] Plaintiff's entire original complaint read as follows:
   Illegal arrest, police brutality, aggressive force, Violation of Fourth Amendment [sic]
   rights, & other civil rights

The Court then issued a July 15, 2008 Order giving plaintiff an additional fourteen days in which to amend his complaint and explaining for a second time the procedure for doing so. Plaintiff responded on August 6, 2008 by filing a Motion to Amend/Correct with a one-page "Amended Complaint" attached.  The "Amended Complaint" stated "I respectfully ask this court to amend my complaints of my civil rights being violated by all of these defendants."  This proposed amended complaint suffered the same deficiencies of plaintiff's initial complaint.

On January 26, 2009, Plaintiff's Motion to Amend/Correct was denied; and plaintiff was given a third and final opportunity to cure the defects in his original complaint.  Plaintiff did not file an amended complaint and on March 11, 2009, the Court issued a show cause order giving plaintiff seven days to respond and show cause why the case should not be dismissed for failure to prosecute.

Plaintiff filed his response on March 18, 2009, arguing "my proposed amendment doesn't have to cure the deficiency in [the Magistrate Judge's] opinion;" "demanding" that the District Judge "make all rulings, pleas and amendments;" complaining of red tape, loop-holes and possible dismissal of his suit; and stating "all of [his] claims for relief have been clearly laid out for the judge assigned to the case, which happends [sic] to be Judge Robinson."

By proceeding *pro se*, a litigant acquiesces in and subjects himself to established rules of practice and procedure.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)(citing *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562 (1975); *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Larkin v. United Ass'n of Plumbers and Pipefitters*, 338 F.2d 335, 336 (1st Cir.), *cert. denied*, 380 U.S. 975, 85 S.Ct. 1337, 14 L.Ed.2d 270 (1964); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980)).  A litigant's *pro se* status does not excuse him from compliance with

reasonable court rules and procedures.  *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986). *See also, Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

A district court may dismiss actions sua sponte for failure to comply with a court order. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).  Because of the operation of the statute of limitations, a dismissal without prejudice may, in some circumstances, operate as a dismissal with prejudice.  *Id*. at 880.  Such a dismissal with prejudice is appropriate where purposeful delay or contumaciousness led to the failure to obey the court order and where a lesser sanction was unsuccessfully employed before dismissal, *id*.; however, in the instant cause, limitations has not run.

The Court has reviewed plaintiff's proposed "Amended Complaint" submitted with his August 6, 2008 motion for leave to amend, and finds it does not cure the defects identified by the Magistrate Judge in the July 3, 2008 Report and Recommendation.  It does not provide factually specific allegations of the events, describe how <u>each</u> defendant is involved in each claim asserted against him and why each defendant is liable to plaintiff.  Further, no pleading submitted by plaintiff has ever stated a basis for the claimed liability of defendant CITY OF AMARILLO. Neither plaintiff's original complaint nor the August 6, 2008 proposed "Amended Complaint" is sufficient to satisfy the requirements of Federal Rule of Civil Procedure 8.

Plaintiff's claims therefore, should be, and hereby are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH RULE 8, FEDERAL RULES OF CIVIL PROCEDURE.

IT IS THEREFORE ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

IT IS SO ORDERED.

ENTERED this 23rd day of March, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE